OPINION OF THE COURT
John W. Grow, J.
Plaintiff, by a summary judgment motion in this declaratory *391 judgment action, seeks a declaration pursuant to regulation 11 NYCRR 65.15, promulgated by the Superintendent of Insurance under article 51 of the Insurance Law, that he is entitled to no-fault wage benefits for the period December 19, 1990 through June 17, 1991. Defendant cross-moves for summary judgment to dismiss plaintiffs complaint.
Plaintiff sustained injuries in an auto accident on December 9, 1990 while a passenger in a vehicle operated by Ethel Colon and which vehicle was insured by defendant. Plaintiff had also sustained injuries in a prior auto accident occurring in March 1990. The March 1990 accident disabled him from employment until December 10, 1990, at which time his physician authorized him to return to work as a machine operator at Oneida Molded Plastics Corporation (Oneida). The December 1990 accident then disabled him from employment until June 17, 1991. Subsequent to his second (December 9, 1990) accident, Mr. Colon applied for no-fault medical benefits from the policy issued by defendant, and he apparently has received those benefits.
However, his application for lost wage benefits was denied, the basis of the denial being that prior to the December 9th accident he either voluntarily quit his employment or was terminated by reason of misconduct. (See, Labor Law § 593 [1], [3].) In support of it’s denial of wage benefits, defendant submits a letter and a deposition from the vice-president, administration, of Oneida. That evidence reveals that Colon was terminated from his employment on September 3, 1990 as a "quit”. Plaintiff denies he quit his employment and that he was ready and able to return to work, as authorized by his physician, on December 10, 1990, but was prevented from doing so because of his December 9th accident.
The medical leave portion of the employee’s handbook issued by Oneida provides, "If you do not return to work at the end of your leave of absence, you will be removed from the active payroll.” That language cannot be interpreted to mean the employee "quit” if he is physically unable to return to work following a medical leave of absence. Plaintiff was disabled on September 3, 1990, the date Oneida alleges his medical leave expired, and the date his employment was terminated. There is no evidence to substantiate that plaintiff either voluntarily separated from his employment or was terminated by reason of misconduct. (Labor Law § 593 [1], [3].)
11 NYCRR 65.15 (o) (2), entitled "Loss of earnings”, provides *392 in part, that in determining loss of earnings from work, "(v) where the injury renders an unemployed applicant ineligible to receive unemployment benefits, the applicant shall be entitled to receive payments for loss of earnings from work equivalent in value to the unemployment benefits which the applicant would otherwise have received * * * Such loss of earnings is eligible basic economic loss, but is not subject to the 20-percent offset from loss of earnings provided for in section 5102 (b) (1) of the Insurance Law.”
Plaintiff became unemployable as a result of injuries sustained in the December 10, 1990 accident. Since these injuries rendered him ineligible to receive unemployment benefits, he is entitled to no-fault lost wage benefits pursuant to the above-cited regulation. (See also, State Farm Mut. Auto. Ins. Cos. v Brooks, 78 AD2d 456.)
Plaintiff has met his burden by submitting proof in admissible form to demonstrate his entitlement to the relief he seeks. Plaintiff’s motion is granted. Defendant’s cross motion is denied.